**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 288-1610
minute_entries@phillipslaw.com

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
Trey Dayes
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
Dawn Sauer
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Jamie L. Hileman; | Case No.: _____ |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| A & C Plumbing Concept, Inc., a dissolved Arizona corporation; and Rick Swenson and Nickie Swenson, husband and wife; | **JURY DEMAND** |
| Defendants. | |

Plaintiff Jamie L. Hileman, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint

Complaint and Demand for Jury Trial                                                                 Page 1

against Defendants A & C Plumbing Concept, Inc., Rick Swenson, and Nickie Swenson, avers as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. For at least three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three years prior to the filing of this action, Plaintiff worked in

excess of forty (40) hours per week and was not paid time and one-half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the boundaries of this judicial district and because the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff Jamie L. Hileman was and continues to be a resident of the State of Arizona.

10. On information and belief, at all times material hereto, Defendant A & C Plumbing Concept, Inc., (herein as "A&C") was and continues to be an entity organized under the laws of the State of Arizona, doing business in Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, and based on consultation of records maintained by the State of Arizona, Defendant A&C's corporate status was administratively dissolved on or about November 21, 2013, for failure to file required annual reports, and as such is an entity not in good standing.

12. On information and belief, at all times material hereto, Defendants Rick Swenson and Nickie Swenson were and continue to be residents of the State of Arizona and are subject to the jurisdiction of this Court.

13. On information and belief, Defendants Rick Swenson and Nickie Swenson are husband and wife.

14. Defendant Rick Swenson engaged of conduct complained of herein for the benefit and enrichment of the marital community. As such, the marital community is liable to Plaintiff for the conduct complained of herein.

15. On information and belief, Defendant Rick Swenson made all managerial and operational decisions on behalf of the business.

16. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

17. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

18. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

19. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

20. All Defendants are co-equally liable for all matters.

21. At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

22.     On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

23.     Plaintiff began working for Defendants in 2004 providing manual labor as a plumber.

24.     Defendants initially paid Plaintiff at a rate of $8.00 per hour and paid Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for each hour worked over forty hours per week.

25.     However, shortly after starting work for Defendants and receiving overtime compensation, Defendants informed Plaintiff that they would no longer pay him any overtime compensation because they were a new company starting up. When questioned by Plaintiff about this action, Defendants responded that if Plaintiff stuck with Defendants, they would make it worth his while in the long run.

26.     As such, despite not receiving overtime compensation from Defendants as required pursuant to the FLSA, Plaintiff continued working for Defendants until August 26, 2013.

27.     Throughout that period of time, Defendants paid Plaintiff only "straight time" for his time worked, meaning they paid him at his regular rate of pay for each hour worked, even for hours worked in excess of forty hours per week.

28.     At the termination of the employment relationship, Defendants paid Plaintiff at a rate of $15.00 per hour.

29. Plaintiff's job duties included manual labor, performing plumbing activities, laying out plumbing work, installing, repairing, and replacing parts, and other such activities.

30. Plaintiff had no authority over other employees and had no authority to hire or fire other employees.

31. Plaintiff exercised little or no discretion with respect to his work, and all major decisions were made by Defendants.

32. At all relevant times, Plaintiff was a non-exempt employee, not subject to any exemption to the overtime requirements of the FLSA, and was entitled to receive overtime compensation as set forth in the statute.

33. Defendants provided Plaintiff with a company vehicle and required him to take it to and from work each day. On information and belief, the parties had no written agreement regarding travel time to his first job and from his last job. Therefore, Plaintiff is entitled to be paid for his driving time to his first job and from his last job of the day, pursuant to 29 U.S.C. § 254(a).

34. Defendants failed to compensate Plaintiff for his travel to and from work each day, as required.

35. Defendants are required to compensate Plaintiff for all hours worked, including waiting and travel time that occurred after the first work activity. *See, e.g.*, *IBP, Inc. v. Alvarez*, 546 U.S.21, 28 (2005).

36. Defendants failed to pay Plaintiff for all hours worked during the day, instead failing and refusing to pay Plaintiff for hours spent in travelling from one work site to another during the day.

37. Plaintiff has retained the law firm of Phillips Dayes Law Group PC and has agreed to pay a reasonable fee for services associated with their prosecution of this action, for which he is entitled to recover.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

38. Plaintiff incorporates and adopts paragraphs 1 through 37 above as if fully set forth herein.

39. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

40. Plaintiff was a non-exempt employee.

41. Defendants have intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

42. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

43. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

44. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

45. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. Under the FLSA, "[d]ouble damages are the norm, single the exception." *Walton v. United Consumers Club*, 786 F.2d 303, 310 (7th Cir. 1986).

47. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

48. As with the imposition of liquidated damages, a finding of willfulness under the FLSA for purposes of imposing a three year statute of limitations, as opposed to only a two year period, "is the norm, [not] the exception." *Brock v. Wilamowsky*, 833, F.2d 11, 19–20 (2d Cir. 1987).

49. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his unpaid overtime compensation and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate

equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLARATORY JUDGMENT

50. Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

51. Plaintiff and Defendants have an overtime compensation dispute pending arising out of the FLSA.

52. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

53.   Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiff.

    b. Defendants are engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Defendants are subject to the overtime and wage requirements of the FLSA.

    e. Plaintiff was not an exempt employee.

    f. Plaintiff worked in excess of forty hours per week on behalf and at the request of Defendants.

    g. Defendants failed to compensate Plaintiff for each of his hours worked, specifically deducting and failing to pay for time spent by Plaintiff travelling from one jobsite to another and to and from work in Defendants' company vehicle.

    h. Defendants failed to compensate Plaintiff for his hours worked in excess of forty hours per week at a rate one and one-half times Plaintiff's regular rate of Pay, in violation of the FLSA.

    i. Plaintiff is entitled to compensation for his unpaid wages and for his unpaid overtime worked pursuant to the FLSA, plus an equal amount as liquidated damages.

    j.   Defendants' conduct was willful and in bad faith.

    k.   Plaintiff is entitled to recover attorneys' fees and costs incurred in prosecuting this action.

54. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

55. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.   Declaring, pursuant to 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b.   Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation; and

    c.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: December 5, 2013

                                   Respectfully submitted,

                                   **PHILLIPS DAYES LAW GROUP PC**

                         By: /s/ John L. Collins
                               John L. Collins
                               Arizona Bar No. 030351
                               johnc@phillipsdayeslaw.com
                               Attorney for Plaintiffs